IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| KEVIN GURLEY, | * | |
| | * | 4:12-cv-201 RP-RAW |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| FEDEX GROUND PACKAGE SYSTEMS, INC., JENNIFER WAMBOLD and SCOTT COWLES, | * | |
| | * | ORDER |
| Defendants. | * | |

      FedEx Ground Package Systems ("FedEx"), Jennifer Wambold ("Wambold"), and Scott Cowles ("Cowles") (collectively "Defendants") removed this case to this Court on May 17, 2012, alleging diversity jurisdiction. Clerk's No. 1 ¶ 3. In their notice of removal, Defendants acknowledged that Wambold and Cowles were non-diverse but asserted that Wambold and Cowles are fraudulently joined. *Id*. Specifically, Defendants argued that Plaintiff's civil rights claims against Wambold and Cowles "are sham claims because they are . . . barred by the applicable limitations period." *Id*.

      Exactly one week after removing the case, Defendants filed an answer and Wambold and Cowles filed a motion for summary judgment. Clerk's Nos. 2, 3. In the motion for summary judgment, Wambold and Cowles make the same argument Defendants made in the notice of removal—that Plaintiff cannot sustain his civil rights claims against Wambold and Cowles because they are barred by the applicable limitations period. Clerk's No. 3-1 at 1.

      This case thus presents an unusual procedural posture. Claims of fraudulent joinder are usually followed by motions to remand or motions to dismiss; the Court has been unable to find

any previous cases where, as here, a claim of fraudulent joinder was almost immediately followed by a motion for summary judgment. This is not merely a procedural curiosity. This Court, as a court of limited jurisdiction, has a duty to assure itself that it has subject matter jurisdiction in every case. *See Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990); *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987).

In this case, the sole basis for removal is diversity jurisdiction but the parties are not completely diverse. It may be, as Defendants claim, that Wambold and Cowles were fraudulently joined and should be dismissed.[1] *See generally Block v. Toyota Motor Corp.*, 665 F.3d 944, 950–51(8th Cir. 2011). However, Wambold and Cowles have not asked to be dismissed. Instead, they have asked the Court to adjudicate the claims against them on the merits. *See* Clerk's No. 3. The Court cannot do so until it is satisfied that it has subject matter jurisdiction. *See generally Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case." (citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 101–02 (1998)).

---

[1] It is not clear to the Court why Defendants chose to answer instead of seeking to have Wambold and Cowles dismissed. It appears that Defendants may have believed that they could not file a motion to dismiss because their arguments rely on Plaintiff's Iowa Civil Rights Commission ("ICRC") filings. However, the Eighth Circuit has "held that an EEOC charge is a part of the public record and may be considered on a motion to dismiss." *Blakley v. Schlumberger Tech. Corp.*, 648 F.3d 921, 931 (8th Cir. 2011) (citing *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 802–03 (8th Cir. 2002). The Court sees no reason why this rule would not apply to an ICRC charge and similar public records.

Therefore, the Court sees no reason for the parties to waste further time and effort on the pending motion.  *See* Fed. R. Civ. P. 1.  The Court is also mindful that "[t]he fraudulent joinder doctrine anticipates resolution of jurisdictional issues at an early stage after removal so that the case can be properly remanded to state court if there is no jurisdiction."  *Block*, 665 F.3d at 951.

This Court has the inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  Pursuant to this power, the pending motion for summary judgment (Clerk's No. 3) is hereby STRICKEN without prejudice.  Additionally, because the issue of subject matter jurisdiction needs to be resolved before this case can proceed, Plaintiff is ordered to file—by no later than June 14, 2012—a response (in whatever appropriate form that Plaintiff prefers) to Defendants' allegations of fraudulent joinder.

IT IS SO ORDERED.

Dated this___31st___day of May, 2012.

_____
ROBERT W. PRATT, Judge
U.S. DISTRICT COURT