IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| | * | |
| KEVIN GURLEY, | * | |
| | * | 4:12-cv-201 RP-RAW |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| FEDEX GROUND PACKAGE SYSTEMS, | * | |
| INC., JENNIFER PORTER[1] and SCOTT | * | |
| COWLES, | * | |
| | * | ORDER |
| Defendants. | * | |
| | * | |

Kevin Gurley ("Plaintiff") filed a motion to remand on June 14, 2012. Clerk's No. 5.

FedEx Ground Package Systems ("FedEx"), Jennifer Porter ("Porter"), and Scott Cowles

("Cowles") (collectively "Defendants") filed a response in opposition to the motion on June 26,

2012. Clerk's No. 6. Plaintiff has not filed a reply. The matter is fully submitted.

Plaintiff originally filed this case in the Iowa District Court for Dallas County, alleging

that Defendants discriminated against him in violation of the Iowa Civil Rights Act ("ICRA").

Pet. at 9–13 (Clerk's No. 1-1). Defendants removed the case to this Court on May 17, 2012,

asserting diversity jurisdiction. Clerk's No. 1 ¶ 3. In their notice of removal, Defendants

acknowledge that Porter and Cowles are—like Plaintiff—citizens of Iowa. *Id.* However,

Defendants argue that Porter and Cowles had been fraudulently joined. *Id.* Specifically,

Defendants argue that Plaintiff's civil rights claims against Porter and Cowles "are sham claims

because they are . . . barred by the applicable limitations period." *Id.*

---

[1]     In the petition and notice of removal, Porter is referred to as "Jennifer Wambold";
however, Defendants have advised the Court that her name has changed. *See* Defs.' Br. at 2.
The Clerk of Court is ordered to correct the case caption accordingly.

Under the ICRA, with some exceptions that neither side claims to be applicable here, "a

claim . . . shall not be maintained unless a complaint is filed with the commission within three

hundred days after the alleged discriminatory or unfair practice occurred."  Iowa Code

§ 216.15(13).  In the instant motion, Plaintiff does not dispute that he failed to name Porter and

Cowles as defendants in his Iowa Civil Rights Commission ("ICRC") complaint until after the

300-day period had expired.[2]  Pl.'s Br. at 2.  Nonetheless, he argues that "Defendants cannot

meet their burden of demonstrating fraudulent joinder."  *Id*. at 3 (capitalization changed from

original).  As another court in this circuit recently explained:

> Under 28 U.S.C. § 1332(a)(1), diversity jurisdiction exists when the parties are
> citizens of different states and the amount in controversy exceeds $75,000.
> Additionally, under 28 U.S.C. § 1441(b)(2), cases may be removed on the basis of
> diversity jurisdiction only as long as no defendant resides in the forum state.  "A
> plaintiff cannot defeat a defendant's right of removal by fraudulently joining a
> defendant who has no real connection with the controversy."  *Knudson v. Sys.
> Painters, Inc.,* 634 F.3d 968, 976 (8th Cir. 2011) (citation omitted).
>
> "Fraudulent joinder does not exist where 'there is arguably a reasonable basis for
> predicting that the state law might impose liability based upon the facts involved.'"
> *Block v. Toyota Motor Corp.*, 665 F.3d 944, 948 (8th Cir. 2011) (quoting *Junk v.
> Terminix Int'l Co.*, 628 F.3d 439, 446 (8th Cir. 2010)).

*Hall v. Avis Budget Car Rental, LLC*, No. 4:12-cv-738, 2012 WL 2191620, at *2 (E.D. Mo. June

14,  2012) (slip copy).

Plaintiff makes a number of arguments about why his failure to timely file claims against

Porter and Cowles should be, in effect, excused or ignored.[3]  *See* Pl.'s Br. at 4–9.  However, the

---

[2]     Plaintiff avers that "Cowles is named in the body of the ICRC complaint."
Pl.'s Br. at 5-1.  However, the portion of the ICRC complaint cited by Plaintiff states merely:  "I
was terminated by Scott Cowles manager Fed Ex Ground."  (Clerk's No. 5-3 at 4).

[3]     Plaintiff's counsel has also included a litany of caustic (and apparently
unsupported) attacks on the integrity of Defendants' counsel.  *See* Pl.'s Br. at 9–11.  Plaintiff's

Court does not find these arguments persuasive, for the reasons set forth in Defendants' response. *See* Defs.' Br. at 3–9.

The Court notes, in particular, that Plaintiff's interpretation of the various administrative rules he relies upon would eviscerate the plain text of Iowa Code § 216.15(13), the ICRA statute of limitations—leading to an absurd and unjust result.  Because Plaintiff failed to assert his claims against Porter and Cowles in a timely manner, there is no reasonable basis—arguable or otherwise—"for predicting that the state law might impose liability [on Porter or Cowles] based upon the facts involved."  *Block*, 665 F.3d at 948 (8th Cir. 2011) (quoting *Junk*, 628 F.3d at 446 (internal quotation marks omitted)).

Indeed, the Court cannot see—and Plaintiff has not identified—any reason why he amended his ICRC complaint to add untimely claims against Porter and Cowles, other than to prevent removal.  *See generally id*. at 947 ("[J]oinder of Brooklyn Park Motors was 'fraudulent,' meaning that  was named as a party 'solely to prevent removal' of the case from state court." (quoting *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 809 (8th Cir. 2003)).

For the foregoing reasons, Plaintiff's motion to remand (Clerk's No. 5) is DENIED. Jennifer Porter and Scott Cowles are hereby DISMISSED from the case as fraudulently joined.

IT IS SO ORDERED.

Dated this ___10th___ day of July, 2012.

ROBERT W. PRATT, Judge
U.S. DISTRICT COURT

---

counsel is advised that this sort of tone is not looked upon with favor by the Court.