IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| KEVIN GURLEY, <br><br> Plaintiff, <br><br> v. <br><br> FEDEX GROUND PACKAGE SYSTEM, INC., <br><br> Defendant. | Case No. 4:12-cv-00201 RP RAW <br><br><br> **STIPULATION AND PROTECTIVE ORDER** |

On October 9, 2012, the parties, Plaintiff Kevin Gurley and Defendant FedEx Ground Package System, Inc., by and through the undersigned counsel, move this Court for the entry of a Protective Order and stipulate to the same.

IT IS THEREFORE ORDERED:

1. This Stipulation and Protective Order shall govern all information, answers, documents, testimony and other discovery materials produced by any party to the above-captioned matter.

**DESIGNATION**

2. <u>Confidential Material</u>. Whenever, in the opinion of any party to this action, information, answers, documents, testimony or other discovery materials would reveal information that such party (hereinafter "designating party") considers confidential information, the designating party shall have the right to designate such information as "CONFIDENTIAL," "CONFIDENTIAL MATERIAL" or "CONFIDENTIAL INFORMATION" (hereinafter, interchangeably "CONFIDENTIAL," "CONFIDENTIAL MATERIAL" or "CONFIDENTIAL INFORMATION"). The party to whom such CONFIDENTIAL MATERIAL is disclosed,

including its agents, representatives and all other persons acting on the party's behalf (hereinafter, collectively "receiving party") shall maintain the CONFIDENTIAL MATERIAL pursuant to the terms of this Stipulation and Protective Order.

3. <u>Designation of Confidential Material</u>. The designation of CONFIDENTIAL MATERIAL shall be made by marking each page of a document wherein such CONFIDENTIAL MATERIAL is contained with the words "CONFIDENTIAL," "CONFIDENTIAL INFORMATION," and/or "CONFIDENTIAL MATERIAL." With respect to electronic data, videotapes or other discovery material where it is difficult to affix a stamp or label on the discovery material itself, the notation "CONFIDENTIAL MATERIAL" may be plainly marked on a label affixed to the disk, tape or other medium on which the discovery material is stored rather than affixed to the discovery material itself. Where a party produces documents for inspection, the party may designate any CONFIDENTIAL MATERIAL within 30 days of the date on which the designating party is notified by the receiving party of the specified documents that are requested to be copied. Any document containing a designation of CONFIDENTIAL shall be deemed to be CONFIDENTIAL MATERIAL and treated as such pursuant to the terms of this Stipulation and Protective Order. The provisions of this Stipulation and Protective Order, however, shall not apply to a designating party's own use of CONFIDENTIAL MATERIAL by such party and shall not prohibit any party from using materials already lawfully in its possession prior to this litigation or otherwise lawfully acquired during or after this litigation.

4. <u>Depositions</u>. Additionally, any party deponent may in good faith designate portions of a deposition transcript containing confidential material by (a) indicating on the record at the deposition that the testimony or other material is designated as CONFIDENTIAL pursuant

to this Order; (b) by notifying all parties in writing of such designation prior to the deposition; or (c) by making such designations within the earlier of 30 days from the date the final transcript is first available for review by the witness or from the date that the preliminary transcript is received by counsel, if ordered.  Transcript pages containing confidential discovery material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL."  In the event a portion of the testimony is designated CONFIDENTIAL, attendance at the deposition and review of the transcript must be limited in accordance with the provisions of this Stipulation and Protective Order.

5. <u>Subsequent Discovery and Designation of Confidential Material</u>.  In the event any party discovers that it produced CONFIDENTIAL material that was not designated as such, that party may, within 20 days of the discovery of such inadvertent production, designate the materials as CONFIDENTIAL by subsequent notice in writing specifically identifying the materials and furnishing the materials with the correct designation.  In the event of a subsequent designation, the parties shall treat such materials as CONFIDENTIAL in accordance with this Stipulation and Protective Order and shall use their best efforts to remedy any disclosure, dissemination or use of such materials that occurred prior to redesignation.

6. <u>Objections to Designation</u>.  Any party may object to the propriety of the designation of material as CONFIDENTIAL by serving a written objection upon the designating party's counsel explaining the basis for its belief that the confidentiality designation was not proper within 20 days of the production of the material designated as CONFIDENTIAL.  The challenging party must give the designating party an opportunity to review the designated material, to reconsider the circumstances and, if no change in designation is offered, to explain the basis for the chosen designation.  If the non-designating party objects in accordance herewith

and the designating party fails to agree within 10 days of its receipt of the objection to remove or modify the designation in accordance with the objection, then the objecting party may move the Court for an order to declare such material not CONFIDENTIAL.  The designating party shall carry the burden of establishing that such material is CONFIDENTIAL.

## DISCLOSURE

7. <u>Persons to Whom Confidential Material May Be Disclosed</u>.  CONFIDENTIAL MATERIAL, for the purposes of the above-captioned action, may be disclosed to (1) the Court, (2) the parties signatory to this Stipulation and Protective Order, (3) those parties' attorneys, including such attorneys' stenographic, clerical and other employees, (4) persons who appear on the face of the CONFIDENTIAL MATERIAL as an author, addressee or recipient of the CONFIDENTIAL INFORMATION, (5) any court reporters before whom depositions or other proceedings in this action are conducted, (6) any witnesses who previously were entitled to access the CONFIDENTIAL MATERIAL or currently have access to the CONFIDENTIAL MATERIAL in connection with preparation for or giving of his or her potential testimony in this action, including counsel for such witnesses, and (7) expert witnesses and consultants employed in connection with the above-captioned action, including those working under the direct supervision of such expert witnesses and consultants.  Disclosure to witnesses, expert witnesses and consultants shall be made only in accordance with the procedures set forth in Paragraph 8. The consent of the undersigned attorneys to this Stipulation and Protective Order shall be deemed binding upon the parties and the undersigned attorneys' stenographic, paralegal, clerical and other employees.

8. <u>Process for Disclosure of Confidential Material</u>.  CONFIDENTIAL MATERIAL shall be disclosed to those listed in Paragraph 7 only under the terms set forth below:

      a.      Prior to disclosure of CONFIDENTIAL MATERIAL to any individual, the attorney making the disclosure shall advise that individual that, pursuant to this Stipulation and Protective Order, such individual may not divulge the CONFIDENTIAL MATERIAL to any other person.

      b.      Such individual shall execute a written Confidentiality Agreement, attached hereto as Attachment A.

      c.      Each original, executed Confidentiality Agreement shall be maintained in the files of the receiving party and shall be available for review by all counsel and parties upon reasonable notice.

9. <u>Disclosure Without Confidentiality Agreement</u>.  Absent compliance with these provisions, no disclosure of CONFIDENTIAL MATERIAL shall be permitted unless otherwise ordered by the Court.  Notwithstanding this provision, a party may always disclose its own CONFIDENTIAL MATERIAL.

10. <u>Disclosure of Confidential Information in Response to Legal Process</u>.  In the event a receiving party is required to produce CONFIDENTIAL material in response to a subpoena or other legal process, the receiving party shall (1) provide the subpoena's issuer with a copy of this Stipulation and Protective Order, (2) notify the producing party of the subpoena within 3 days after receipt of the subpoena and before producing any documents in response to the subpoena, and (3) give the producing party reasonable time, no less than 10 days, to object to the production of documents in response to the subpoena or otherwise seek relief from the subpoena.

**USE**

11. <u>Limited Use of Confidential Material</u>.  The use of all CONFIDENTIAL material shall be limited to the above-captioned action and such material shall not be used in connection with any other actions or for any other purpose other than those specifically allowed herein.  The provisions of this Stipulation and Protective Order shall not apply to a designating party's own use of CONFIDENTIAL MATERIAL and shall not prohibit either party from using materials

already lawfully in its possession prior to this litigation or otherwise lawfully acquired during or after this litigation by means other than through this litigation.

12. <u>Filings Must Be Under Seal</u>.  If filed with the Court, CONFIDENTIAL material shall be filed under seal.

13. <u>Use at Hearing or Trial</u>.  The use of CONFIDENTIAL material as evidence at any hearing or trial shall be subject to such order of the Court as may be reasonably necessary to preserve the confidentiality of the material involved.

## OTHER PROVISIONS

14. <u>No Prejudice to Right to Object</u>.  This Stipulation and Protective Order shall be without prejudice to the right of any party to oppose disclosure of any document or information for any reason other than confidentiality.  This Stipulation and Protective Order may be changed by further agreement of the parties or order of the Court.  This Stipulation and Protective Order is without prejudice to the rights of any party to seek relief from any of its provisions or to seek different or additional protection for any particular material or information.

15. <u>No Waiver</u>.  Nothing herein shall be deemed to waive any applicable privilege, and neither the taking of action nor the failure to take any action with respect to designating confidentiality pursuant to the Stipulation and Protective Order shall constitute a waiver of any rights, claims or defenses by any party in this action or any other action.

16. <u>Temporary Effect</u>.  Prior to the date that the Court enters or rejects this Stipulation and Protective Order and for a period of 30 days thereafter, all CONFIDENTIAL INFORMATION produced in the litigation by any party or non-party shall be treated as if this Stipulation and Protective Order had been entered by the Court.

17. <u>Obligations upon Disposition of Action</u>.  Upon settlement and/or final disposition of this action, including all appeals, counsel for each receiving party shall take steps to secure all CONFIDENTIAL material (including all copies, charts, summaries, excerpts, etc.).  Such material must be maintained as attorney-client privileged materials by counsel and all those receiving copies (including summaries, excerpts, etc.) of CONFIDENTIAL MATERIAL, including parties and those signing Attachment A.  Wherever possible, counsel shall assemble and either destroy or return to counsel for the designating party all CONFIDENTIAL material.  Counsel shall be entitled to retain a litigation file related to this matter, including pleadings and exhibits thereto, affidavits, motions, briefs or other papers filed with the Court, even if they contain CONFIDENTIAL material, so long as they are clearly marked to reflect that they contain information subject to this Stipulation and Protective Order.  <u>Under no circumstances may CONFIDENTIAL MATERIAL be used for any other case or purposes</u> other than those related to this action or any action regarding the attorney's legal representation in this action.

18. <u>Termination of Stipulation and Protective Order</u>.  No part of the restrictions imposed by this Stipulation and Protective Order may be terminated except by written stipulation of the parties or by order of this Court for good cause shown.  The final disposition of this action shall not relieve any person who has received CONFIDENTIAL material from the obligations imposed by this Stipulation and Protective Order.

_____
Judge

Consented to by:

  /s/ Bryan P. O'Neill                                         /s/ Espnola F. Cartmill                        
Bryan P. O'Neill                                              Espnola F. Cartmill
Attorney for Plaintiff                                        Attorney for Defendant

F0520\0003\(01356409).DOC

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| KEVIN GURLEY,<br><br>    Plaintiff,<br><br>v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC.,<br><br>    Defendant. | Case No. 4:12-cv-00201 RP RAW<br><br><br><br>**ATTACHMENT A** |

I hereby certify under penalty of perjury that I have been provided and read the foregoing Stipulation and Protective Order, and that I understand and hereby agree to be bound by the terms and conditions set forth therein.  I understand that I may not disclose CONFIDENTIAL material or use it for any purpose other than this litigation.

_____